UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| ANDREA WILLIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 1:04-cv-305 |
| MIKE NEAL, *et al.*, | ) Judge Mattice |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is Defendant Ronnie Hitchcock's Motion for Reconsideration, in which Defendant asks the Court to reconsider its denial of summary judgment to Defendant with regard to Plaintiff's state law claim of false arrest.

For the reasons stated below, the Court **GRANTS** Defendant's Motion for Reconsideration.

**I.    STANDARDS OF REVIEW**

**A.    Reconsideration**

Pursuant to Federal Rule of Civil Procedure 54(b), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In other words, "[u]ntil a district court enters a judgment, it may alter or amend any of its orders." *Jaynes v. Austin*, 20 Fed. App'x 421, 425, 2001 WL 1176424, at *3 (6th Cir. Sept. 25, 2001).

### B. Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *National Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it

may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Andrea Willis brought this action against Defendant Ronnie Hitchcock and others, alleging claims for violation of her Fourth Amendment rights under the United States Constitution pursuant to 42 U.S.C. § 1983 and for various state law causes of action, including false arrest. All of the Defendants filed motions for summary judgment. By way of an Order and Memorandum entered on February 1, 2006 [Court Doc. Nos. 55, 56], the Court granted the summary judgment motions filed by the other Defendants and granted in part and denied in part the summary judgment motion filed by Defendant Ronnie Hitchcock. The Court's Order left one claim pending: Plaintiff's state law false arrest claim against Hitchcock in his individual capacity. On March 28, 2006, Defendant Hitchcock filed a motion for reconsideration [Court Doc. No. 60], asking the Court to reconsider its denial of summary judgment as to that one claim.

The facts of this case are set forth in the Court's previous Memorandum [Court Doc. No. 55], and the Court will not repeat them here.

## III.    ANALYSIS

In his answer to the complaint, his motion for summary judgment, and his motion for reconsideration, Defendant Hitchcock asserted that he is entitled to rely on the defense of qualified immunity. (Court Doc. No. 13, Ans. ¶¶ XI, XII; Court Doc. No. 33, Br. in Supp. of Mot. for Summ. J. 4-5; Court Doc. No. 60, Mot. for Recons. 5.) The Court ruled in its previous Order and Memorandum that Hitchcock was entitled to qualified immunity with regard to Plaintiff's claim under 42 U.S.C. § 1983, but the Court did not address qualified

-3-

Case 1:04-cv-00305   Document 70   Filed 04/24/06   Page 3 of 5   PageID #: 103

immunity in the context of Plaintiff's state law claims. The Court now believes that its failure to consider the defense of qualified immunity with regard to Plaintiff's state law false arrest claim was in error.

In *Youngblood v. Clepper*, the Court of Appeals of Tennessee made clear that the same defense of qualified immunity that is available to police officers in causes of action under § 1983 is also available in causes of action under Tennessee state law. 856 S.W.2d 405, 407-08 (Tenn. Ct. App. 1993). The analysis of qualified immunity under § 1983 and Tennessee state law is coextensive. *See id.*

As noted above, the Court has already held in its previous Order and Memorandum that Defendant Hitchcock is entitled to qualified immunity with regard to Plaintiff's § 1983 claim. Because the analysis of qualified immunity is identical under both § 1983 and Tennessee state law, Defendant Hitchcock is also entitled to qualified immunity with regard to Plaintiff's state law false arrest claim. This result is dictated by the same analysis and for the same reasons stated in the Court's prior Memorandum in Part III.A.2 [Court Doc. Nos. 55]. The Court will not repeat the analysis here.

**IV. CONCLUSION**

As explained above, and in accordance with the Memorandum entered on February 1, 2006 [Court Doc. No. 55], it is **ORDERED**:

    (1)    Defendant Hitchcock's Motion for Reconsideration [Court Doc. No. 60] is **GRANTED**;

    (2)    The Court's Order entered on February 1, 2006 [Court Doc. No. 56] is **VACATED**;

(3) The following motions by the Defendants are **GRANTED IN FULL**: the motion for summary judgment by the City of Dunlap and Clint Huth [Court Doc. No. 24]; the motion for summary judgment by Mike Neal, John Argo, and Rhea County [Court Doc. No. 27]; the motion for summary judgment by James McMillon [Court Doc. No. 41]; and the motion for summary judgment by Sequatchie County and Ronnie Hitchcock [Court Doc. No. 32];

(4) Plaintiff's claims under 42 U.S.C. § 1983 for violation of her Fourth Amendment rights and under Tennessee state law for the torts of false arrest, malicious harassment, assault and battery, slander and libel, intentional and negligent infliction of emotional distress, malicious prosecution, abuse of process, and outrageous conduct against Defendants City of Dunlap, Tennessee; Clint Huth; Mike Neal; John Argo; Rhea County, Tennessee; James McMillon; Sequatchie County, Tennessee; and Ronnie Hitchcock, in all capacities, are **DISMISSED WITH PREJUDICE**;

(5) In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendants are entitled to recover their costs of this action.

The Clerk is directed to close the file in this case.

SO ORDERED this 24th day of April, 2006.

                                                 *s/ Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                                 UNITED STATES DISTRICT JUDGE